**Judges** — D. C. Westenhaver, Cleveland; John M. Killets, Toledo.

**Clerk**—Bertrand C. Miller, Federal Building, Cleveland.

**Chief Deputy**—Fred T. Denzler.

**District Attorney**—Edwin S. Wertz, Cleveland.

**Assistants**—Joseph C. Breitenstein, B. W. Henderson, G. J. Pilliod, for Cleveland—Geo. Effler, Geo. E. Reed, for Toledo.

**U. S. Marshal**—George W. Stauffer, Ottawa.

**Chief Deputy**—O. Krichbaum

**Deputies**—H. D. Lingefelter, A. L. Gibson, D. C. Mahon, Chas. E. Pierce, Robt. S. Gawne, for Cleveland—Geo. R. Weeks, Elmer Flick, John L. Cass, Robert Neill, for Toledo.

**Deputies**—O. Kirchbaum, Norma Lapp, E. J. Dolan, Cleveland; Arthur J. Christy, S. W. Frankowski, Toledo.

**Terms of Court. Eastern Division—**

**At Cleveland.** First Tuesday in February, April and October.

**At Youngstown.** First Tuesday after the first Monday of March.

Any suit brought in Eastern Division may be tried at Youngstown term, which is a trial term only. All filings in cases transferred to Youngstown term may be made at Cleveland, except during Youngstown term.

Present term at Cleveland began September 9; at Youngstown—

**Western Division—at Toledo—**

On the last Tuesday in April and October;

Both divisions have the same set of officers.

The Clerk and Marshal each has an office and deputies in regular attendance, at both Cleveland and Toledo.

#### SOUTHERN DISTRICT:

**Judges**—John E. Sater, Columbus; John W. Peck, Cincinnati.

**Clerk**—Boyd E. Dilley, Cincinnati; Harry F. Rabe, Cincinnat', Chief Deputy.

**District Attorney**—James R. Clark, Cincinnati.

**Assistants**—Thomas Morrow, Allen C. Roudebush, Richard T. Dickerson, Cincinnati; Wiliam J. Ford, Richard T. Dickerson, Columbus.

**Terms of Court—Eastern Division—**

At Columbus, on the first Tuesday of June and December.

At Dayton, on the first Monday in May and November.

Any suit that may be brought in the Southern District may be instituted, tried and determined at Dayton term.

**Western Division**—At Cincinnati, on the first Tuesday in February, April and October.

Both divisions have the same set of officers, but the Clerk and Marshal each has an office and deputies in regular attendance in both Columbus and Cincinnati.

### Notice to the Bar

1. Cases must be ordered for trial not less than thirty days before the first day of the term.

2. A list of all cases thus ordered for trial shall be printed by the clerk, and a copy thereof shall be sent to each counsel of record, at least five days before the preliminary call, with notice of the time when the call will take place. Failure to receive the copy or notice will not excuse counsel from attending the call.

3. In order to enable the Court properly to prepare a day by day calendar, a preliminary call of the entire list will be had at a time to be notified as above provided. The Court will understand that cases not then answered to are ready for trial upon any day that may be designated.

Application for continuance, and all other applications affecting the list, of which at least twenty-four hours' notice must be given to opposing counsel, must be made upon this call, and not afterwards, except for reasons thereafter arising.

4. After the call is finished, the day by day calendar for the term will be prepared, and a copy thereof immediately sent to each counsel of record, but a failure to receive such copy will not be a ground for a continuance.

---

### No. 158

### THOMAS-BONNER CO. v. HOOVEN, OWENS & RENTSCHLER CO

U. S. District Court, S. D. Ohio, W. D.

No. 2557, Aug. 23, 1920

Full Opinion, 234 Fed. Rep., 377

**PARTIES—(1) Practice; when governed by state practice—(2) Assignment of contract; consent required, when.**

SATER, D. J.:

#### Epitomized Opinion

An action was brought by the plaintiff to recover damages for alleged breach of contract with the plaintiff, which was a partnership for the sale of an automatic typewriter. After some sales had been made, the partnership of Thomas-Bonner Company was disarranged by the withdrawal of some of the partners, and a corporation formed under the same name. The old partnership attempted to assign to the new company the contract with the defendants for the sale of their typewriters. Action was brought in the federal court and the defendants contended that the plaintiffs were not the real parties in interest; that the contract, being one of personal services, could not be assigned without its consent. The court held:

1. The conformity statute of United States requires a federal court to be governed by the practice of the State and an action at law in the federal court must be brought by the real parties in interest.

2. An executory contract for personal services in introducing, demonstrating and selling a new mechanical invention is one that requires personal skill and is not assignable without the consent of the other party thereto.

The circuit court of appeals, sixth sircuit, affirmed the lower court, on October 3, 1922.

**Attorneys**—Irving A. Fish, Milwaukee, and Edw. P. Moulinier, Cincinnati, for plaintiff; Floyd C. Williams and Stanley Shaffer, both of Cincinnati, for defendant.